**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:26-cr-72(3) |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| LARYAN BROOKS, | : | |
| | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER BOND PURSUANT TO 18 U.S.C. § 3142(f) (DOC. NO. 29)**

---

Before the Court is the Defendant Laryan Brooks' ("Defendant") Motion to Reconsider Bond Pursuant to 18 U.S.C. § 3142(f) (the "Motion") (Doc. No. 29), as well as the Government's Response (Doc. No. 30) thereto. For reasons outlined below, the Court **DENIES** Defendant's Motion and **ORDERS** that Defendant remain detained in federal custody pending sentencing.

## I. BACKGROUND

On June 23, 2026, the Grand Jury returned an Indictment against Defendant for conspiracy to possess with intent to distribute drugs in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). (*See* Doc. No. 18 at PageID 69.) Pursuant to the Government's motion, Magistrate Judge Caroline Gentry held a detention hearing on June 18, 2026. (*See* Minute Entry, 6/18/2026.) Following the detention hearing, Magistrate Judge Gentry ordered that Defendant remain detained pending trial. (*See generally* Doc. No. 14.) On October 6, 2026, Defendant entered a plea of guilty to the above charge pursuant to a plea agreement. (*See* Minute Entry, 10/6/2026; *see also* Doc. No. 33.) Just prior to entering his guilty plea, on October 1, 2026, Defendant filed his Motion to Reconsider

Bond Pursuant to 18 U.S.C. § 3142(f)[1] (Doc. No. 29). The Government responded on October 5, 2026. (Doc. No. 30.) Concurrently with Defendant's plea at the October 6 hearing, the Court heard argument regarding Defendant's request for revocation of the detention order. (*See* Minute Entries, 10/6/2026.) After taking the matter under advisement at the time of the hearing, the Court now finds that the instant matter is ripe for disposition.

## II. LEGAL STANDARD

The procedural vehicle employed by Defendant's Motion in pursuing the instant review is by way of 18 U.S.C. § 3145, which provides, in relevant part:

> If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). "This Court reviews de novo an appeal from a magistrate judge's order of release or detention." *United States v. Fata*, No. 13-30484, 2013 WL 4084765, at *5 (E.D. Mich. Aug. 13, 2013) (citing *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985)). In other words, after conducting a hearing, if the reviewing "judicial officer finds that no condition or combination will reasonably assure the appearance of the person as required and the safety of any other persons and the community, such judicial officer shall order the detention of the person before the trial." 18 U.S.C. § 3142(e). Put simply, "[e]ither finding—flight risk or community danger—can support detention." *United States v. Brown*, 601 F. Supp. 3d 196, 200 (W.D. Ky. 2022).

[1] 18 U.S.C. § 3142 addresses the burden a defendant must meet in order to avail himself of bond pending trial, generally, and most commonly, at the initial detention hearing. However, in order to review or appeal a detention order, as is the case here, a defendant must invoke 18 U.S.C. § 3145. And for defendants who have already been found guilty of an offense, the vehicle for seeking pre-sentencing bond is Section 3143. *See United States v. Adams*, No. 2:18-CR-20641, 2020 WL 2733883, at *2 (E.D. Mich. May 26, 2020) ("Because Adams has already pled guilty to a federal offense and is awaiting sentencing, his motion is governed by 18 U.S.C. § 3143, a provision of the Bail Reform Act applying to decisions of release or detention of a defendant pending sentencing or appeal."). For purposes of this Order, the Court assumes Defendant intended to invoke Sections 3145 and 3143.

However, when, as here, a defendant has pled guilty to an offense described in 18 U.S.C. § 3242(f)(1)(A), (B), or (C), Section 3143(a)(2) prescribes the requirements for release pending sentencing of a convicted defendant. *See* 18 U.S.C. § 3142(a)(2); *see also United States v. Tefteller*, No. 3:19-CR-00059, 2020 WL 2733728, at *1 n. 3 (M.D. Tenn. May 26, 2020) ("Section 3143 (a)(2) prescribes the requirements for release pending sentencing for a defendant who has been convicted of an offense described in 18 U.S.C. § 3142(f)(1)(A), (B), or (C)."); 18 U.S.C. § 3142(f)(1)(C) ("[A]n offense for which a maximum term of imprisonment of ten years of more is prescribed in the Controlled Substances Act . . . ."). Section 3143(a)(2) mandates as follows:

> (2) [T]he judicial officer *shall* order that a person who has been found guilty of an offense in a case described in [Section 3142(f)(1)(A), (B), or (C)] and is awaiting imposition . . . of sentence be detained unless--
> . . . .
>
> (B) the judicial officer finds by *clear and convincing evidence* that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2)(B) (emphasis added). At bottom, Section 3143 creates a rebuttable presumption in favor of detention. *See United States v. Vance*, 851 F.2d 166, 169 (6th Cir. 1988). This showing is the defendant's to make, and it is a "heavy" one. *See id.; see also United States v. White*, No. 6:13-CR-20, 2025 WL 1176955, at *5 (E.D. Ky. Mar. 27, 2025), *R. & R. adopted*, 2025 WL 1170289 (E.D. Ky. Apr. 22, 2025).

## III. ANALYSIS

As mentioned, the Court held a hearing on October 6, 2026, where it heard argument from both Parties regarding Defendant's request for bond reconsideration. (*See* Minute Entry, 10/6/2026.) By way of new evidence, Defense Counsel called Shanell Worthy, Defendant's family friend, who attested to her willingness to serve as a third-party custodian and house Defendant in the event of his pre-sentencing release. (*See id.*) Apart from Ms. Worthy's testimony, the Defense

presented no new evidence that was not presented at the initial detention hearing. (*Id.*) The mere existence of a willing third-party custodian is insufficient to overcome the onerous presumption favoring detention. *See United States v. Faulkner*, No. 2:22-CR-20074, 2022 WL 2663849, at *2 (E.D. Mich. July 11, 2022). As Magistrate Judge Gentry concluded at the initial detention hearing, the fact of the matter remains: considering Defendant's extensive criminal history, his history of failing to appear, and the gravity of the offense at issue, there are simply no bond conditions that could assure the Court that Defendant is not likely to flee and does not pose a risk of danger to the community.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion to Reconsider Bond (Doc. No. 29) and **ORDERS** that Defendant remain detained in federal custody pending sentencing.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, October 13, 2026.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE